# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WAYNE WASHINGTON,<br><br>   Petitioner,<br><br>  v.<br><br>RICHARD MARTEL, Warden,<br><br>   Respondent. | Case No.: 1:26-cv-00049-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO CASE<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR STAY OF PROCEEDINGS<br><br>[Doc. 2]<br><br>[TWENTY-ONE DAY DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition in this Court on January 5, 2026, along with a motion to stay proceedings. (Docs. 1, 2.) On January 9, 2026, the Court directed Respondent to file a response to Petitioner's motion. (Doc. 5.) On February 9, 2026, Respondent filed an opposition to the motion for stay (Doc. 9.) Petitioner did not file a reply.

## BACKGROUND

Petitioner was convicted on June 7, 2006, of assault with a firearm, criminal threats, and brandishing a firearm. (Doc. 10-1.) Sentencing enhancements and special circumstance allegations

1

were found to be true. (Doc 10-1.) On July 7, 2026, he was sentenced to a term of 32-years to life, plus ten years for personal use of firearm, ten years for two prior serious felony convictions, and three years for three prior separate prison terms. (Doc. 10-1.)

Petitioner sought a direct appeal and post-conviction collateral challenges. (Doc. 10-2.) On November 3, 2023, Petitioner's request to dismiss the prior serious felony conviction and prior separate prison terms, as well as the personal firearm use enhancement was granted. (Doc. 10-3.) The trial court denied his request to dismiss the prior strike findings and resentenced Petitioner to a term of 27-years to life. (Doc. 10-3.)

On November 18, 2024, the California appellate court affirmed the judgment on appeal. (Doc. 10-4.) On February 11, 2025, the California Supreme Court denied review. (Doc. 10-5 and 10-6.)

On May 27, 2025, Petitioner filed a post-resentencing habeas petition in the California Supreme Court. (Doc. 10-7.) On July 16, 2025, the petition was denied. (Doc. 10-8.)

On January 5, 2026, Petitioner filed the instant habeas petition. (Doc. 1.) He raises two claims: 1) He contends trial counsel provided ineffective assistance of counsel by failing to provide pre-arrest mental health and childhood trauma records; and 2) He claims he received an unauthorized sentence because California's Three Strikes law violates California's determinate sentencing law. (Doc. 1.)

On January 5, 2026, Petitioner also filed a motion to stay so he could exhaust the following additional claim: 1) Petitioner's trial counsel was ineffective in failing to provide evidence of his post-conviction behavior, rehabilitation, personal growth, age, disability, physical limitations, character, prospects for the future, remoteness of conviction, and use of rehabilitation resources to combat his criminal behavior prior to his resentencing. (Doc. 2.)

**DISCUSSION**

I.      Motion for Stay

A district court has discretion to stay a mixed petition and allow a petitioner to return to state court to exhaust state remedies. Rhines v. Weber, 544 U.S. 269, 277 (2005).  However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Id.  In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances."  Id. at 277.  Specifically, the Court said a stay is appropriate only when (1)

good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Rhines, 544 U.S. at 278.

Petitioner fails to satisfy any of the three requirements. First, he does not demonstrate good cause for his failure to exhaust. In his motion, Petitioner argues his poor vision caused him to rely on others to prepare his issues. (Doc. 2 at 2.) He contends that these individuals were incompetent. (Doc. 2 at 2.) Petitioner does not submit any evidence of his vision problems. Medical records attached to his petition for resentencing reveal that Petitioner has lost vision in one eye. (Doc. 10-9.) However, there is no indication he cannot function using only his right eye. Any contention to the contrary is refuted by the fact he wrote eight pages of personal reflection to support his petition for resentencing. (Doc. 10-9.) In addition, Petitioner has pursued a number of pro se collateral actions since sentencing in 2006. (Docs. 10-4,5,7,9.) Thus, his allegation that his single-eye vision caused such an impediment as to excuse his failure to raise the claim earlier is unsupported and belied by his own filings.

Second, Petitioner fails to show his claim is not plainly meritless. As pointed out by Respondent, Petitioner's claim that counsel failed to provide evidence of Petitioner's post-conviction behavior, rehabilitation, personal growth, age, disability, physical limitations, character, prospects for the future, remoteness of conviction, and use of rehabilitation resources to combat his criminal behavior is refuted by the record. In the petition for resentencing, counsel submitted over 303 pages of documentary evidence and argument on those matters. (Doc. 10-9.) The documents were received and considered by the court. (Doc. 10-3 at 4.) Petitioner is also claiming an error in sentencing. It is well-established that federal habeas relief does not lie for errors of state sentencing law. Estelle v. McGuire, 502 U.S. 62, 67 (1991); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question").

Finally, Petitioner fails to show he was not dilatory in his presentation of his unexhausted claim. After his resentencing in 2023, Petitioner filed two pro se petitions in the California Supreme Court. He provides no reason why he did not raise the instant claim in those two prior petitions when the factual basis for the claim was known when he filed his prior petitions.

In summary, Petitioner fails to show good cause for his failure to exhaust, he fails to show his claim is potentially meritorious, and he fails to show he did not engage in dilatory tactics. Rhines, 544 U.S. at 277-78. Therefore, the Court will recommend that the motion for stay be denied.

**ORDER**

The Clerk of Court is directed to randomly assign a District Judge to this case.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's motion for stay be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule

4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **March 9, 2026**                         /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE